## CIRCUIT COURT OF SOUTHAMPTON COUNTY

Commonwealth of Virginia
at the Relation of Berry D. Willis, Jr.

v.

Richard C. Grizzard,
Commonwealth's Attorney for
Southampton County

November 6, 1970

Case No. CL 122

By JUDGE A. CHRISTIAN COMPTON

The broad issue before the Court at this stage of this proceeding and which is raised by the motion to dismiss is whether, assuming that the allegations of fact (and all reasonable inferences which may be properly drawn therefrom) are true, the petition in this proceeding is sufficient as a matter of law to state a case for removal of Mr. Grizzard under that portion of the applicable statute (Code § 15.1-63) which provides in part "The Circuit Courts of counties. . . may remove from office all county officers elected or appointed. . . for *malfeasance*. . . [or]. . . incompentency."

This one broad issue can be resolved only after certain specific issues are decided.

The basic facts, assuming all the allegations of the petition are true, are as follows: Mr. Grizzard, the duly elected Commonwealth's Attorney of the County of Southampton, had been appointed to prosecute in the

Circuit Court of Nansemond County six pending felony indictments against the former sheriff of that county. Following a four-day trial upon the first of said indictments, which resulted in an acquittal, Mr. Grizzard from his home several hours after the return of the verdict issued a statement to the press which was published by the news media, which is set out verbatim in the petition. The alleged statement was critical of the verdict rendered by the jury composed of citizens from another jurisdiction; it stated that the defense was fabricated and, among other things, called the result a gross miscarriage of justice.

In deciding the issue raised it must be emphasized that this proceeding is *quasi*-criminal in nature. Furthermore, it is a proceeding highly penal in nature because it is one seeking to remove an officer duly elected by the people of this county. Therefore, the statute in question must be strictly construed.

With these principles of law in mind, the Court will now address itself to the specific issues raised.

First, it is the defendant's position that nowhere does the petition state that such comments made by Mr. Grizzard were made while he was discharging his official duty. This position is not well taken in the Court's opinion (even assuming such an allegation is necessary and the Court is not convinced that it is necessary) because a fair reading of the petition discloses that it does allege such acts were committed by Mr. Grizzard in his official capacity as an attorney for the Commonwealth. The news article quotes observations made by the special prosecutor in a trial completed only hours before and relate to the prosecutor's views upon the result of that trial wherein he was a principal participant.

Second, a question is raised as to whether the acts of the special prosecutor acting in Nansemond County carry over and affect his status as Commonwealth's Attorney of Southampton. Really, this is tantamount to an argument that the removal statute (sometimes referred to as an ouster law) does not apply to an elected official acting in his elected capacity in another county. A statement of such a proposition would seem to point to the error of such argument. The legislature could not have intended that an elected officer would be immune from removal merely because he was acting outside of his own jurisdic-

tion in an official capacity. Furthermore, the statute in question has no language restricting its application to the performance of duty of the officer in the county where he holds office.

And now [we] consider the sufficiency of the petition upon the grounds of (1) incompetency and (2) malfeasance.

The definition of incompetency as it applies to such a proceeding has reference to "any physical, moral or intellectual quality, the lack of which incapacitates one to perform the duties of his office." There is no allegation of fact in this petition sufficient to sustain such a charge against Mr. Grizzard and that portion of the petition is insufficient in law.

Lastly, the Court addresses itself to the sufficiency of the allegations upon the charge of malfeasance. Able counsel for both sides have referred to several different definitions of the word as it is used in this type of proceeding. These definitions vary from one another to some extent but not in any material degree. In Virginia, malfeasance is defined as "the doing of what one ought not to do, the unjust performance of some act which the party had no right or which he had contracted not to do. . . the doing of an act wholly wrongful and unlawful." *Warren* v. *Commonwealth*, 136 Va. 573, 588 (1923). See also 43 Am. Jur., *Public Officers*, § 195, p. 39.

Being guided by these definitions, the nature of office of Commonwealth's Attorney in the judicial process must be examined. The defendant correctly argues that he is a *quasi*-judicial officer and as such he is clothed with discretion in the conduct of that office. For a very instructive case on this point see *State* v. *Winne*, 21 N.J. Super. 180, 91 A.2d 65 (1952). (His acts are not merely ministerial in nature, so as to render him guilty of malfeasance upon his failure to strictly perform such ministerial acts although there is an entire absence of any corrupt or evil intention. 136 Va. 586.) That being the case, the law in this state is that such an elected officer is guilty of malfeasance only if his act or failure to act was done corruptly or with evil intent. No such corruption or evil intent is alleged or inferred in the petition. A mistake in judgment, yes, but not evil intent.

These remarks by Mr. Grizzard should not have been made, and the Court does not condone or approve the making of such comments by a Commonwealth's Attorney; however,

under a strict construction of this statute, they are not as a matter of law sufficient to support a removal of Mr. Grizzard from office.

The appropriate order will be entered sustaining the defendant's motion and dismissing the petition.